UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DIANNA JOHNSON, et. al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 02-2364 (RMC) |
| ) | Next event: none scheduled |
| **GOVERNMENT OF THE** ) | |
| **DISTRICT OF COLUMBIA, et. al.,** ) | |
| ) | |
| Defendants. ) | |

**STIPULATED PROTECTIVE ORDER**

In order to permit the Plaintiffs access to information that is relevant to this case without undermining the government's right to protect certain sensitive or confidential law enforcement information contained in the documents in question from public disclosure, the parties, subject to the Court's approval, hereby stipulate and agree to the imposition of a protective order, pursuant to Fed. R. Civ. P. 26 (c) and 29, subject to the limitations and procedures contained in this Stipulated Protective Order.  Defendant District of Columbia and plaintiffs have represented that their agreement in this order will be subject to and subsumed in a subsequent proposed stipulated protective order governing production of computer data produced by all parties and that they will subsequently in conjunction with the federal defendants move for a subsequent stipulated protective order governing all parties and all computer data.

1.      This Stipulated Protective Order applies to records and electronic data generated from the District of Columbia Superior Court Criminal Information System ("CIS") database and any code documentation and other documents produced in connection with the records.

2.	The undersigned hereby agree that the District of Columbia will release all records relating to women with cases pending in the District of Columbia Superior Court at anytime during the period from five years before the date of filing the complaint in this case up to the date of production from selected fields from CIS and code documentation and other documents produced in connection with the records ("CIS database material") in computer readable format on a medium such as a tape or DVD to Plaintiffs' counsel for the purpose of use in this litigation only.

3.	The CIS database material, including any CIS database material produced prior to the date of this Order, shall be considered Confidential Materials.

4.	For the purposes of this Stipulated Protective Order, Confidential Materials may only be disclosed to (a) counsel of record in this case and associated counsel legal assistants, investigators, secretaries, clerks, support service personnel and other employees engaged in assisting them; (b) any consultant or expert, and employees and assistants of any consultant or expert, who are consulted by counsel in this case and whose advice and consultations are being or will be used by a party hereto; (c) this Court and all court personnel; and (d) any other person authorized in advance, by order of this Court. A copy of this Stipulated Protective Order shall be furnished to all persons who are authorized access to the specific Confidential Materials.

5.	Notwithstanding the foregoing, to the extent that the CIS database material is utilized by experts retained by the parties to prepare opinions or statistical analyses, summaries or compilations that do not disclose any identifying personal information regarding individuals, said opinions, statistical analyses, summaries or compilations will not be deemed confidential and may be included as part of the public record in this case.

6. Unless otherwise ordered by the Court, within thirty (30) days after the conclusion of this lawsuit, including, without limitation, any appeal or retrial (or in the event that another action is then pending involving the plaintiff and defendant, thirty (30) days after the conclusion of that action), all Confidential Material under this Protective Order shall be destroyed, in which case the party destroying it shall certify in writing that it has been destroyed. As to those materials which contain or reflect Confidential Material, but which constitute a counsel's work product, all such work product may be maintained by counsel, but such work product shall be used only for the purpose of preserving a file on this action and shall not, without written permission of the entity that disclosed the Confidential Material or an Order of the Court, be disclosed to anyone other than those to whom such information was actually disclosed in accordance with this Stipulated Protective Order during the course of this lawsuit.

7. Upon conclusion of this lawsuit, the provisions of this Stipulated Protective Order shall continue to be binding and shall remain in full force and effect until modified, superseded or terminated by Order of the Court made upon reasonable written request.

8. Any allegations of abuse or violation of this order shall be considered by the Court.  If an allegation of abuse or violation of this order is found, the Court may take disciplinary action against the appropriate parties.

Respectfully submitted,

| Robert Spagnoletti<br>Corporation Counsel<br><br>Robert Utiger<br>Deputy Corporation Counsel<br>Equity Division | _____<br>William Claiborne (446579)<br>Counsel for Plaintiffs and the Classes<br>717 D Street, NW<br>Suite 210 |
|---|---|

| | |
|---|---|
| _____<br>Maria Amato (414935)<br>Senior Litigation Counsel<br>Equity Division<br>Office of Corporation Counsel<br>District of Columbia<br>441 4th St. N.W.<br>Room 6 south 59<br>Washington, D.C. 20001<br>(202)724-6642<br>Counsel for Government of the District of Columbia | Washington, DC 20004<br>phone 202/824-0700<br>Fax 202/824-0745 |

So ordered, this _____ day of _____, 2003.


_____
Rosemary M. Collyer
United States District Court Judge